IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN GERARD FERNANDEZ, )
Reg. No. 08517-025, )
 )
      Petitioner, )
 )
vs. ) Case No. 11-cv-0451-MJR
 )
UNITED STATES of AMERICA , )
 )
      Respondent. )

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

      This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. On January 22, 2010, Petitioner pled guilty to receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252 (a)(4)(B). On May 28, 2010, Petitioner was sentenced to two concurrent terms of 108 months imprisonment, seven years supervised release, restitution in the amount of $2,000, and a special assessment of $200. Petitioner did not file a direct appeal.

      Also before the Court is Petitioner's motion to hold the consideration of his § 2255 motion in abeyance for sixty days, (Doc. 2), and his motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 3). Although there is no filing fee for a § 2255 motion, Petitioner filed his IFP motion seeking to obtain copies of court documents and transcripts of certain trial proceedings without cost.

      Initially, the Court notes that while Petitioner's § 2255 motion was filed with the Clerk of Court on May 31, 2011, Petitioner certified that he placed the motion in the prison institutional mail on May 25, 2011, three days before the expiration of his one-year time limit for filing the motion (Doc. 1, p. 24). Accordingly, the motion was timely filed pursuant to the "mailbox rule." *See*

*Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (a court document filed by a *pro se* prisoner is considered "filed" at the moment of delivery to the prison authorities).

In his § 2255 motion, Petitioner raises three grounds for relief: 1) Petitioner was denied the effective assistance of counsel, was induced to plead guilty as a direct result of counsel's ineffectiveness, and would never have pled guilty had it not been for counsel's failure to investigate or pursue adversarial testing of the Government's case; 2) the two $100 assessments imposed in conjunction with Petitioner's sentence are unreasonable as they do not comport with the Court's order that the sentences shall run concurrently; and 3) trial counsel was ineffective during the sentencing phase for failing to challenge the increase in Petitioner's criminal history category from I to II, failing to investigate or obtain mitigating evidence, a psychological evaluation, or character references, and failing to object to the additional $100 assessment or the sentence enhancements.

**Pending Motions**

On May 31, 2011, Petitioner filed a motion requesting the Court to hold this matter in abeyance for sixty days to allow him time to file a memorandum of law (Doc. 2). More than sixty days have since elapsed, and Petitioner filed his memorandum in support of the § 2255 motion on August 1, 2011 (Doc. 4). Accordingly, the motion has become moot and is **DENIED.**

Petitioner's motion to proceed *in forma pauperis* (Doc. 3) asserts that he does not have the financial means to pay for transcripts and court documents that he needs to review in order to effectively present his § 2255 motion. Petitioner also listed the transcripts and documents he is requesting (Doc. 3, p. 4 and Doc. 2, p. 2).

Congress addressed the issue of furnishing transcripts at public expense in 28 U.S.C. § 753(f), which provides in pertinent part:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal . . . .

Stated simply, under § 2255, a petitioner permitted to sue IFP must "make a showing of need and nonfrivolousness in order to obtain a free transcript." *United States v. MacCollom*, 426 U.S. 317, 321-22 (1976).

Based upon all of the information provided by Petitioner, the Court finds that his allegation of poverty is true, and he will be allowed to proceed IFP. Because the Court will direct the Government to file a response to Petitioner's § 2255 motion, the Court implicitly finds that this action is nonfrivolous. The Court further finds that the transcripts are needed to decide the issues Petitioner has presented.

For these reasons, the Court **GRANTS** Petitioner's motion for leave to proceed IFP (Doc. 3). The documents and transcripts requested by Petitioner, all from *United States v. Fernandez*, Case No. 09-cr-30156, are as follows:

1) Doc. 8, Order for Pretrial Discovery and Inspection;

2) Doc. 12, Minute Entry of Change of Plea Hearing of Jan. 22, 2010 (Petitioner also requests a transcript of this hearing);

3) Doc. 21, Sealed Objection by USA to Presentence Investigation Report;

4) Doc. 23, Minute Entry of Sentencing Hearing of May 28, 2010 (Petitioner also requests a transcript of this hearing);

5) Doc. 25, Sealed Addendum to Presentence Investigation Report;

6) Doc. 28, Judgment, May 28, 2010.

The Clerk of Court is **DIRECTED** to obtain copies of the above documents and transcripts and provide them to Petitioner at government expense.  Should Petitioner require the preparation of additional documents or transcripts, he shall file a motion in this case requesting the same, within 21 days of the date of this Order (on or before September 28, 2011).

The Court **ORDERS** the Government to file a response to Petitioner's § 2255 motion within **THIRTY (30) DAYS** of the date of this Order.  The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED**.

**DATED: September 7, 2011**


 /s/ Michael J. Reagan
 **MICHAEL J. REAGAN**
 **United States District Judge**