IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVEN GERARD FERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 11-CV-0451-MJR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

<u>MEMORANDUM AND ORDER</u>

REAGAN, District Judge:

On June 14, 2012, the undersigned Judge denied Petitioner's motion for relief under 28 U.S.C. § 2255. Judgment was entered accordingly on June 15, 2012. Fourteen days later, Petitioner filed a Notice of Appeal and motion for certificate of appealability (Docs. 18, 19).

Petitioner has not paid the $455.00 fee for filing his notice of appeal, which is required if he is to take an appeal from the denial of his § 2255 motion. **28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22**. So, the Court construes Petitioner's notice as including a request for leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." **28 U.S.C. § 2253.** This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong." **Slack v. McDaniel**, **529 U.S. 473, 484 (2000).** Petitioner need not show that his appeal will succeed, **Miller-El v. Cockrell**, **537 U.S. 322, 337 (2003),** but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. **Id. at 338 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).** If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. **FED. R. APP. P. 22(b)(1)-(3).**

The Court **DENIES** the motion for certificate of appealability because – for the reasons stated in the June 14, 2012, Order – Petitioner has not made a substantial showing that his sentence "was imposed in violation of the Constitution or laws of the United States." **Shell v. United States**, **448 F.3d 951, 954 (quoting 28 U.S.C. § 2255)**; see **28 U.S.C. § 2253(c)(2)**. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, Petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

As amended by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915 sets forth three grounds for denying *in forma pauperis* status to a prisoner appellant: the prisoner has not established indigence, the appeal is in bad faith, or the prisoner has three strikes. **28 U.S.C. §**

**1915(a)(2)-(3), (g).** Since Petitioner does not have three strikes, the Court need consider only the first two grounds.

28 U.S.C. § 1915(a)(1) provides that a United States District Court may authorize commencement of a civil appeal without prepayment of fees, by a person who submits an affidavit showing that he is unable to pay the appeal fee. Section 1915(a)(3) adds, however, that pauper status cannot be granted if the appeal is not taken in good faith.[1] *See also Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000)("because these appeals are not in good faith for purposes of § 1915(a)(3), we revoke the orders permitting the appellants to proceed in forma pauperis"); FED. R. APP. P. 24(a)(3)(A).

In general, subject to a finding of bad faith or that the party is otherwise not entitled to proceed *in forma pauperis*, a defendant who is found eligible for court-appointed counsel in a district court may proceed on appeal *in forma pauperis* without further authorization. **See Fed. R. App. P. 24(a)(3)**. Petitioner was found eligible for court-appointed counsel in his underlying criminal case. *See United States v. Fernandez*, Case No. 09-cr-30156-MJR (S.D.Ill.) (Doc. 7). The Court is convinced that Petitioner is unable to pay the full costs of his appeal.

---

[1] Petitioner's appeal is not subject to the portions of § 1915 added by the PLRA, such as the fee collection mechanism. **Walker, 216 F.3d at 634 ("the PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255.").** Although the PLRA does not apply to Petitioner's appeal, the Court still must decide whether he is able to pay a filing fee and whether his appeal is taken in good faith. *See* **28 U.S.C. § 1915(a)(1) and (3);** *Walker***, 216 F.3d at 638 n.5.**

As to whether Petitioner's appeal is taken in good faith, the Seventh Circuit Court of Appeals has cautioned district courts not to apply an inappropriately high standard when making good faith determinations. **Pate v. Stevens**, 163 F.3d 437, 438-39 (7th Cir. 1998). The Court observed that the threshold for obtaining a certificate of probable cause "is a higher one than the 'good faith' requirement of Sec. 1915." **Id. at 439 (quoting Barefoot, 463 U.S. at 893).**

To conclude that an appeal is taken in good faith, "a court need only find that a reasonable person could suppose that the appeal has some merit." **Walker v. O'Brien**, 216 F.3d 626, 632 (7th Cir. 2000) (citing **Lee v. Clinton**, 209 F.3d 1025, 1026 (7th Cir. 2000)). Thus, an unsuccessful movant for relief under § 2255 may proceed *in forma pauperis* on appeal even after a district court has denied issuance of a certificate of appealability. **See id. (concluding that an appeal can be taken in good faith even though a certificate of appealability has been denied)**.

Petitioner has offered numerous grounds in support of his appeal (Doc. 18). The Court concludes that the appeal is taken in good faith.

In summary, the Court finds that Petitioner has established his indigence and that his appeal is taken in good faith. Accordingly, the Court **GRANTS in part and DENIES in part** Petitioner's motion (Doc. 19). The Court **DENIES** Petitioner's motion for a certificate of appealability and **GRANTS** his motion for leave to appeal in forma pauperis.

IT IS SO ORDERED.

DATED this 6th day of July, 2012

                                            <u>s/Michael J. Reagan</u>
                                            MICHAEL J. REAGAN
                                            United States District Judge